United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Angela Marie Maalouf, Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 20-20804-Civ-Scola |
| ) | |
| Andrew M. Saul, Commissioner of ) | |
| Social Security, Defendant ) | |

## Order Granting Plaintiff's Unopposed Motion for Attorney's Fees

    Counsel for Plaintiff Angela Marie Maalouf seeks the Court's approval for an award of fees based upon a contingency agreement entitling counsel to twenty-five percent of the retroactive benefits awarded to Maalouf. (Pl.'s Mot. for Fees, ECF No. 28.) Finding that the amount of fees requested appeared extraordinary, in light of the numbers of hours expended by counsel, the Court ordered additional briefing. (ECF No. 29.) In response, counsel (jointly with the Commissioner) has submitted a supplemental memorandum, in support of the request. (Jt. Supp. Memo., ECF No. 32.) Based on the stellar results obtained for her client, the Court finds the fee award justified and therefore **grants** the motion (**ECF No. 28**) for the following reasons.

    In evaluating a motion for fees under § 406(b), a court must take into account a number of factors: whether the award represents a windfall to counsel; whether counsel's "success is attributable to his own work or instead to some unearned advantage"; counsel's "degree of expertise and adequacy of representation"; "the percentage of back benefits sought"; counsel's "risk of loss"; "the agreement made by the parties"; the "overall complexity of the case"; and "the significance of the result achieved." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850–51 (11th Cir. 2020) (cleaned up). Based on the Court's evaluation of these factors and the particular circumstances of this case, the Court approves the award.

    First, the Court notes, importantly, neither the Commissioner nor Maalouf, oppose the motion. And, importantly, the Commissioner joined in counsel's supplemental memorandum which clearly and thoughtfully justified the award. Next, it is undisputed that counsel's success in this case is attributable to her own work and not to some unearned advantage. In fact, as counsel points out, she was at a disadvantage in this case, facing a great risk of loss, considering she was not retained until after her client had already lost at all levels of administrative review and had been unsuccessfully seeking benefits for over five years, first applying for benefits in November 2014. (*See* Jt. Supp. at 7.) Further, counsel has over forty years of social-security disability representation, is a

partner in Bohr & Harringron, LLC, has written briefs for filing in just about every federal district across the country, and has even successfully argued before the United States Supreme Court. (*Id.* at 12.) Finally, there is no dispute that counsel and Maalouf entered into a valid contingency-fee agreement.

Accordingly, despite the apparent windfall to counsel, in the amount of $49,642.86, for the eighteen hours she spent working on this case, the Court nonetheless finds the award reasonable in light of its consideration of the record and its evaluation of the relevant factors. *See Gossett*, 812 F. App'x at 850 (noting that whether an award represents a windfall cannot be considered in isolation from all the other relevant factors and circumstances of a case); *Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("[A] reduction in the agreed-upon contingency amount should not be made lightly, particularly given the importance of encouraging attorneys to accept social security cases on a contingency basis.")(cleaned up); *Daniel E. W. v. Berryhill*, 5:17-CV-0271 (DEP), 2019 WL 1986538, at *5 (N.D.N.Y. May 6, 2019) ("Allowing for such arrangements that . . . result in recovery of fees at effective rates higher than ordinarily sanctioned in fee-shifting cases, serves an important purpose of encouraging lawyers to agree to represent Social Security claimants, many of whom are of limited resources.").

Accordingly, the Court **grants** counsel's motion (**ECF No. 28**), awarding her **$49,642.86** in attorney's fees.

**Done and ordered** at Miami, Florida on March 8, 2024.

_____
Robert N. Scola, Jr.
United States District Judge